UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALIX GIERKE, | CASE NO. C19-0071JLR |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO REMAND |
| v. | |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, | |
| Defendant. | |

## I.    INTRODUCTION

Before the court is Plaintiff Alix Gierke's motion to remand.  (Mot. (Dkt. # 3).)  In its response to Ms. Gierke's motion, Defendant Allstate Property and Casualty Insurance Company ("Allstate") requests that the court bar Ms. Gierke from recovering more than $75,000.00 based on the doctrine of judicial estoppel.  (Am. Resp. (Dkt. # 9) at 5-6.)  The court has considered the parties' submissions, the relevant portions of the record, and

//

the applicable law.  Being fully advised,[1] the court DENIES Ms. Gierke's motion to

remand and DENIES Allstate's request to invoke judicial estoppel.

## II.    BACKGROUND

Ms. Gierke commenced this action in King County Superior Court on January 2,

2019, alleging that Allstate breached its automobile insurance policy by refusing to pay

the limits of her underinsured motorist ("UIM") coverage to resolve her claim.  (*See*

Compl. (Dkt. # 1-2) ¶¶ 4.10-5.5.)  Ms. Gierke also alleges that Allstate violated its duty

of good faith and fair dealing and the Insurance Fair Conduct Act ("IFCA"), RCW

48.30.010.  (Compl. ¶ 5.4.)

Ms. Gierke's claims arise out of an automobile accident.  (*Id.* ¶ 4.2.)  On or about

June 4, 2017, a motorist with insufficient automobile insurance policy limits struck Ms.

Gierke's vehicle causing her physical injury.  (*See id.*)  Although the motorist's liability

carrier paid Ms. Gierke the motorist's policy limits, the settlement "did not make [Ms.

Gierke] whole."  (*Id.* ¶¶ 4.6-4.7.)  Ms. Gierke's automobile insurance policy with Allstate

provides for UIM coverage.  (*Id.* ¶ 4.4.)  Ms. Gierke demanded that Allstate pay her

policy's UIM limits to resolve her UIM claim.  (*Id.* ¶ 4.10.)  After Allstate declined to do

so, Ms. Gierke filed this lawsuit.  (*Id.* ¶¶ 4.10-4.12.)

Allstate removed Ms. Gierke's complaint to this court based on diversity subject

matter jurisdiction.  (*See generally* Not. of Removal (Dkt. # 1).)  Ms. Gierke now moves

---

[1] Neither party requests oral argument (*see* Mot. at 1; Am. Resp. at 1), and the court
concludes that oral argument would not be helpful to its disposition of the motion, *see* Local
Rules W.D. Wash. LCR 7(b)(4).

to remand her complaint claiming that Allstate failed to prove the amount in controversy required for diversity jurisdiction. (*See* Mot. at 4.) In response, Allstate asks the court to deny the motion because "[i]t is apparent on the face of Plaintiff's Complaint that she seeks well in excess of $75,000.00 in this action." (Am. Resp. at 3.)[2] Irrespective of the court's resolution of Ms. Gierke's motion, Allstate also asks the court to invoke judicial estoppel to bar Ms. Gierke from recovering more than $75,000.00 in this suit. (*Id.* at 5-6.) Ms. Gierke did not file a reply. (*See generally* Dkt.) The court now considers Ms. Gierke's motion and Allstate's request for judicial estoppel.

### III. ANALYSIS

**A. Legal Standards**

Removal of a civil action to federal district court is proper where the federal court would have original jurisdiction over the state court action. *See* 28 U.S.C. § 1441(a). District courts have original jurisdiction over an action with both complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000.00. *See* 28 U.S.C. § 1332(a); *see also Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006). Federal courts strictly construe the removal statute, and must reject

_____

[2] Ms. Gierke originally filed her motion on January 31, 2019, with a noting date of February 4, 2019. (*See* Mot. at 1.) In its original response, Allstate asked the court to strike the motion because Ms. Gierke noted the motion for an incorrect date under the court's Local Civil Rules. (Resp. (Dkt. # 5) at 3 (citing Local Rules W.D. Wash. LCR 7(d)(3) (requiring parties note motions for remand "on a date no earlier than the fourth Friday after filing and service of the motion")).) On February 1, 2019, the parties stipulated to re-note Ms. Gierke's motion to February 22, 2019, in accordance with Local Civil Rule 7(d)(3). (*See* Stip. (Dkt. # 7).) Allstate then filed its amended response removing its request to strike the motion but leaving intact the rest of its arguments. (*See generally* Am. Resp.) The court considers only Allstate's amended response in its disposition of this motion.

jurisdiction if there is any doubt as to the right of removal in the first instance. *See Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Moreover, when a suit is initiated in state court, there is a strong presumption that the plaintiff has not claimed a sufficient amount to confer jurisdiction to a federal court. *Gaus*, 980 F.2d at 566. Thus, the defendant has the burden of establishing that removal is proper. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Although Allstate has the burden of establishing the grounds for federal jurisdiction, the court is also obliged to satisfy itself that it has subject matter jurisdiction. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (citing Fed. R. Civ. P. 12(h)(3)).

Ms. Gierke does not dispute that there is complete diversity of citizenship between the parties.[3] (*See generally* Mot.; *see also* Am. Resp. at 3 n.1 ("There is no dispute as to diversity of citizenship. The sole issue for remand is whether the $75,000.00 amount in controversy requirement has been satisfied.").) Thus the only issue is whether the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a)(1).

Courts use two legal standards to assess whether a defendant has met its burden of showing the case exceeds the amount in controversy minimum. *See Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997); *see also McGill v. Crump Life Ins. Servs., Inc.*, No. C15-0600RSM, 2015 WL 1759231, at *4 (W.D. Wash. Apr. 17, 2015).

//

---

[3] Ms. Gierke is a citizen of Washington whereas Allstate is incorporated in Delaware and has a principle place of business in Illinois. (Compl. ¶¶ 1.1, 2.1; Not. of Removal at 2.)

The first standard applies when satisfaction of the amount in controversy is "facially apparent" from the complaint. *See Singer,* 116 F.3d at 377. Thus, if the plaintiff claims a dollar amount in controversy on the face of their complaint, the defendant can generally rely on the sum claimed when removing the case. *Id.* at 375.

The second standard applies when the plaintiff's requested damages are unclear. *Id.* at 376; *Gaus*, 980 F.2d at 566-67. In that instance, the defendant bears the burden of proving, by a preponderance of evidence, that the amount in controversy exceeds $75,000.00. *See Singer*, 116 F.3d at 376; *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (2007) (affirming the defendant's preponderance of evidence burden when the complaint was unclear and did not specify a total amount in controversy). Under this burden, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds the required amount. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). In determining the amount in controversy, the court considers facts in the removal petition and any relevant "summary judgment-type evidence." *See Singer*, 116 F.3d at 377 (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)). Furthermore, in weighing the evidence, the court considers "real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015).

**B.    Amount in Controversy**

Allstate argues that it is apparent on the face of Ms. Gierke's complaint that she seeks in excess of $75,000.00. (Am. Resp. at 3.) The court, however, concludes that it is

not facially apparent from the complaint that the jurisdictional amount in controversy is met. (*See generally* Compl.) The court so concludes because Ms. Gierke's complaint neither specifies a dollar amount for her claim, nor the UIM policy limits of her Allstate insurance policy. (*See generally* Compl.) Thus, the court considers the second standard—whether Allstate proves, by a preponderance of evidence, that the amount in controversy exceeds $75,000.00. *See Singer*, 116 F.3d at 376; *see also Guglielmino*, 506 F.3d at 701.

Here, Allstate meets its burden. Allstate presents undisputed facts and a "theory of damages exposure" sufficient to establish that, more likely than not, the amount in controversy exceeds $75,000.00. *See Ibarra*, 775 F.3d at 1198. In its notice of removal, Allstate asserts that Ms. Gierke's insurance policy provides UIM coverage limits up to $50,000.00. (Not. of Removal at 2-3.) Allstate also contends that Ms. Gierke alleges Allstate is liable for "general damages and enhanced damages including, without limitation, **treble damages** as authorized by RCW 48.30.015 . . . ." (*Id.* at 2.)

In her motion to remand, Ms. Gierke admits the UIM policy limits are $50,000.00. (Mot. at 2 ("The total UIM benefits under said policy are limited to $50,000.00 . . . .").) However, Ms. Gierke argues that she made no explicit demand for treble damages in her complaint and only "alleged that she was entitled to $50,000.00 in UIM benefits under the policy . . . ." (*Id.* at 2-3.) In fact, Ms. Gierke's complaint is silent as to the amount of her UIM policy limits and the amount of damages she seeks.[4] (*See generally* Compl.)

---

[4] Ms. Gierke does however specify her policy number and "demand[] the [UIM] policy limits to resolve her [UIM] claim with Allstate." (*See* Compl. at ¶¶ 4.4, 4.10.)

Nevertheless, Ms. Gierke asserts that Allstate's actions were "negligent and in violation of its duty to exercise reasonable care, good faith and fair dealing towards its insured[,] [Ms. Gierke], including a violation of [IFCA], RCW 48.30.010, et seq." (*Id.* ¶ 5.4.) Ms. Gierke also alleges that Allstate "negligently failed to effectuate a prompt, fair and equitable settlement of [her UIM] claims according to the terms of the Policy, and forced [her] to submit this matter to litigation to recover amounts due under the Policy." (*Id.*)

Allstate could reasonably construe the foregoing allegations as alleged violations of certain provisions of the Washington Administrative Code ("WAC"). *See, e.g.*, WAC 284-30-330; WAC 284-30-370; WAC 284-30-380. Under IFCA, the court may, "after finding an insurer has acted unreasonably in denying a claim for coverage or payment of benefits," or finding an insurer has violated certain WAC provisions, including those referenced above, "increase the total award of damages to an amount not to exceed three times the actual damages." RCW 48.30.015(2); *see also* RCW 48.30.015(5). Thus, because Ms. Gierke alleges an IFCA violation (*see* Compl. ¶ 5.4), facts consistent with certain WAC violations, and a failure to exercise reasonable care and good faith, Allstate reasonably concludes that its damages exposure in this case could include treble damages under IFCA.[5] The UIM policy limits are $50,000.00 (*see* Not. of Removal at 2; Mot. at 2), and the facts alleged are consistent with an award of treble damages; therefore, Allstate reasonably concludes that Ms. Gierke's alleged damages exceed $75,000.00.

//

---

[5] Although Ms. Gierke does not explicitly pray for "treble damages," she does pray for "other and further relief as this Court may deem just and equitable in this cause." (Compl. ¶ 7.8).

1    Numerous other courts in this district have included IFCA's treble damages when

2    calculating the amount in controversy. *See Wilson v. Geico Indem. Co.*, No.

3    C18-226RAJ, 2018 WL 3594474, at *2 (W.D. Wash. July 26, 2018) (collecting IFCA

4    cases where the court considered treble damages under the IFCA to determine the total

5    amount in controversy); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir.

6    2001) ("It is well established that punitive damages are part of the amount in controversy

7    in a civil action."). Further, courts in this district have rejected Ms. Gierke's argument

8    that achieving an award of treble damages under the IFCA is too speculative to satisfy a

9    defendant's amount in controversy burden. *See Wilson*, 2018 WL 3594474, at *2; (Mot.

10   at 3).

11   Accordingly, the court concludes that Allstate has established, by a preponderance

12   of the evidence, that the jurisdictional amount in controversy is met as a result of Ms.

13   Gierke's allegations, the parties' agreement that the UIM policy limits are $50,000.00,

14   and the treble damages that are available under IFCA. Using "reasonable assumptions

15   underlying the defendant's theory of damages exposure," the court concludes that at least

16   $150,000[6]—$50,000 trebled—is at controversy in this matter. *See Ibarra*, 775 F.3d at

17   1198. Thus, the court has subject matter jurisdiction over this case and DENIES Ms.

18   Gierke's motion to remand.

19   //

20

21   [6] This value does not include attorney's fees which could raise the amount in controversy
     further. *See Kroske*, 432 F.3d at 980 ("The amount in controversy includes the amount of
     damages in dispute, as well as attorney's fees, if authorized by statute or contract." (citing *Galt*
22   *G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998))).

## C.  Judicial Estoppel

Allstate also requests that the court invoke judicial estoppel to bar Ms. Gierke from recovering more than $75,000.00.  (Am. Resp. at 5-6.)  Allstate urges the court to apply this doctrine, "[r]egardless of the outcome of [Ms. Gierke's] Motion," because she argued that the amount in controversy is less than the required jurisdictional minimum. (*Id.* at 6.)

Judicial estoppel is an equitable doctrine, invoked "to prevent a party from gaining an advantage by taking inconsistent positions," and to "protect against a litigant playing fast and loose with the courts."  *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)) (internal quotations omitted).  Under the doctrine, "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."  *New Hampshire v. Maine*, 532 U.S. 742, 742-43 (2001) (citing *Davis v. Wakelee,* 156 U.S. 680, 689 (1895)).  The Ninth Circuit "restrict[s] the application of judicial estoppel to cases where the court relie[s] on, or 'accept[s],' the party's previous inconsistent position."  *See Hamilton*, 270 F.3d at 783; *see also Interstate Fire & Cas. Co. v. Underwriters at Lloyd's, London*, 139 F.3d 1234, 1239 (9th Cir. 1998), *as amended* (May 13, 1998) ("A majority of courts apply judicial estoppel only if the court has relied on the party's previously inconsistent statement, and we have recently adopted that rule.").

The court concludes that the application of judicial estoppel here is inappropriate. First, the court has denied Ms. Gierke's motion to remand, and thus does not rely on or accept her "previous" position that the amount in controversy is less than $75,000.00. *See Hamilton*, 270 F.3d at 783; *Interstate Fire & Cas. Co.*, 139 F.3d at 1239. Second, judicial estoppel is an equitable doctrine "invoked by the court at its discretion." *See United States v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008). The court concludes that permitting Allstate to invoke the court's jurisdiction by demonstrating that its damages exposure exceeds $75,000.00, but then prohibiting Ms. Gierke from asserting those same damages would not be equitable. Accordingly, the court declines to exercise its discretion to apply judicial estoppel and DENIES Allstate's request to bar Ms. Gierke from recovering more than $75,000.00.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Ms. Gierke's motion to remand (Dkt. # 3) and DENIES Allstate's request to bar Ms. Gierke from recovering more than $75,000.00 based on the doctrine of judicial estoppel.

Dated this 1st day of April, 2019.

JAMES L. ROBART
United States District Judge